UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN M. DONAHUE,<br>Plaintiff | CIVIL ACTION NO. 3:13-CV-1328 |
| v. | (JUDGE NEALON) |
| COMMONWEALTH OF<br>PENNSYLVANIA, ET AL.,<br>Defendants | (MAGISTRATE JUDGE BLEWITT) |

FILED
SCRANTON
JUL 3 0 2013
PER ____
DEPUTY CLERK

## MEMORANDUM

On May 15, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names the Commonwealth of Pennsylvania, the Hazleton Police Department, Detective Zeptrovsky of the Hazleton Police Department, and the Hazleton Special Operations Group as Defendants. (Id.). Plaintiff alleges that on August 12, 2012, Defendant Hazleton Special Operations Group "apparently seized religious prayer books" that are protected from search and seizure. (Id.). For relief, Plaintiff seeks, inter alia, the return of property, an order that his pending Luzerne County criminal charges be dismissed, an order prohibiting the use of any religious items against him in any court, and monetary damages. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 28, 2013. (Doc. 4).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 7) (citing Pub. L. No. 104-134,

---

[1] Plaintiff has since been released on bail. See (Docs. 8-9).

110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On June 4, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed with prejudice in its entirety and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 10). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, two days after the R&R was mailed to Plaintiff's new address. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir.

---

[2]Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[3]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 7, pp. 3-5). Initially, Magistrate Judge Blewitt determines that the Commonwealth of Pennsylvania is not a proper Defendant in a section 1983 action, is entitled to Eleventh Amendment immunity, and should therefore be dismissed with prejudice. (Id. at pp. 6-8), quoting MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania, 271 F.3d 491, 502 (3d Cir.

2001); Democracy Rising PA v. Celluci, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009) (Conner, J.). Next, Magistrate Judge Blewitt decides that to the extent Plaintiff is seeking this Court to interfere with his pending criminal case in Luzerne County through the dismissal of charges, release from confinement, immunity from future arrests, and the suppression of evidence, the relief requests should be dismissed with prejudice. (Id. at pp. 8-10), citing 28 U.S.C. § 2254; 28 U.S.C. § 2283; Younger v. Harris, 401 U.S. 37, 41 (1971); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). The Magistrate Judge then finds that Plaintiff has not alleged that any of his constitutional rights were violated by the personal involvement of the Attorney General of Pennsylvania or Defendant Zeptrovsky. (Doc. 7, pp. 10-11) (stating that it is not clear whether Plaintiff intended to name the Attorney General of Pennsylvania as a Defendant), quoting George v. Pa. Dep't of Corr., 2010 U.S. Dist. LEXIS 23116, *11-12 (M.D. Pa. 2010) (Caputo, J.). The R&R explains that the complaint fails to allege any harm resulting from the seizure of Plaintiff's prayer books, which is necessary to state a First Amendment free exercise of religion claim. (Doc. 7, pp. 11-12) (quoting Thompson v. Pa. Dep't of Corr., 2006 U.S. Dist. LEXIS 95008, *7-8 (M.D. Pa. 2006) (Nealon, J.)). Magistrate Judge Blewitt concludes that to the extent Plaintiff names the Hazleton City Police Department and their Special Operations Group as Defendants, he must proceed under a theory of municipal liability. (Id. at pp. 12-13) (citing Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978)). However, the Magistrate Judge finds that the complaint fails to allege that Hazleton City is a governmental entity and thus a "person" under section 1983, or allege that either a policy or lack of policy of Hazleton City led to the violation of the Plaintiff's constitutional rights. (Id.), quoting Kokinda v. Breiner, 557 F. Supp. 2d 581, 591 (M.D. Pa. 2008) (Caputo, J.). The R&R notes that Plaintiff fails to allege that any

4

member of the Hazleton City Police Department seized his prayer books. (Doc. 7, p. 14). Accordingly, Magistrate Judge Blewitt determines that the complaint fails to state any cognizable constitutional claims against any proper Defendant and that it would be futile to afford Plaintiff an opportunity to file an amended complaint. (Id. at p. 15), citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The R&R recommends that the complaint be dismissed in its entirety with prejudice and that Plaintiff's motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action.

Having reviewed the R&R for clear error and finding none, it will be adopted. The complaint will be dismissed with prejudice and without leave to amend.

A separate order will be issued.

Date: July 30, 2013

United States District Judge